UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**LUIS ALBERTO QUINTERO MORALES,**

*Petitioner*,

v.

**WARDEN BOBBY THOMPSON, MIGUEL VERGARA, SECRETARY KRISTI NOEM, US ATTORNEY GENERAL PAMELA BONDI,**

*Respondents*.

Case No. SA-25-CV-01391-JKP

### ORDER ON PETITIONER'S
### PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Luis Alberto Quintero Morales's Petition for Writ of Habeas Corpus. *ECF No. 1*. After careful consideration, the Petition for Habeas Corpus is **GRANTED**.

### BACKGROUND

Quintero Morales is in the custody of Respondents at the South Texas ICE Processing Center in Pearsall, Texas, charged with being present in the United States without having been inspected or admitted under 8 U.S.C. § 1182(a)(6)(A)(i). Quintero Morales is a citizen of Honduras who entered the United States without inspection around October 22, 2002.

Pertinent to this matter, Quintero Morales was initially detained by U.S. Customs and Border Protection on July 21, 2024. The Department of Homeland Security ("DHS") filed form I-862, Notice to Appear ("NTA"), on July 22, 2024, and Quintero Morales was released from custody. Quintero Morales was re-detained by Immigration and Customs Enforcement ("ICE")

on August 9, 2025, and after denial of release by DHS, he sought a custody redetermination hearing before an Immigration Judge. On August 28, 2025, Quintero Morales moved for custody redetermination, and a bond hearing was scheduled for September 17, 2025. However, on September 17, 2025, Quintero Morales's scheduled bond hearing was cancelled and an Order issued stating he was denied the opportunity for a bond redetermination hearing because the Immigration Court found it lacked jurisdiction over his detention conditions based on a decision from the Board of Immigration Appeals issued on September 5, 2025. This decision ruled that all persons who entered without inspection are deemed "applicants for admission" to the United States and are ineligible for bond redetermination hearings based on the immigration statute, 8 U.S.C. § 1225(b). *See Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). Quintero Morales has since been detained by ICE. A substantive relief hearing was held on October 14, 2025, and though Quintero Morales did have an opportunity to argue he warrants relief from deportation, the Court did not complete the hearing that day, and through a court-ordered continuance of his case, his detention was extended indefinitely. As of the time of the filing of this Petition, Petitioner contends there is currently no hearing scheduled for the continuation of his merits hearing before the IJ. Respondents contend a removal hearing is scheduled December 15, 2025.

Quintero Morales filed this habeas petition challenging his detention without a bond hearing making two arguments: First, a constitutional challenge under which he contends his detention without a bond hearing violates due process, and; Second, a procedural challenge, under which he argues neither Section 1225(b)(1) nor Section 1225(b)(2) permits his detention, and he may only be detained under Section 1226(a) which requires he be provided a bond hearing.

## DISCUSSION

### Legal Standard

A habeas petitioner must show they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025). A habeas proceeding is civil in nature. Therefore, the petitioner bears the burden of proving he is being held contrary to law by a preponderance of the evidence. *Villanueva v. Tate*, 2025 WL 2774610, at *4 (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) and citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)). "A court considering a habeas petition must 'determine the facts and dispose of the matter as law and justice require.'" *Id.* (quoting 28 U.S.C. § 2243).

### Analysis[1]

**Procedural Challenge**

Quintero Morales argues his continued detention by ICE is based on Respondents' novel reading of 8 U.S.C. Section 1225(b)(2)(A) adopted by the Board of Immigration Appeals through *Hurtado*. *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025); 8 U.S.C. § 1225(b)(2)(A). Under that reading, Quintero Morales contends Section 1225(b)(2)(A) would generally require the detention of every noncitizen who entered the country without inspection, unless they are "clearly and beyond a doubt entitled to be admitted."

---

[1] In its analysis of the facts, issue, and arguments presented in this case, the Court notes close similarity to that presented in many recent cases asserting Petitions for Writ of Habeas Corpus filed in the Western District of Texas, and specifically, the San Antonio Division. The Court finds the reasoning in these similar cases persuasive and finds the ultimate determination based upon this reasoning correct. For that reason, and for the sake of expediency, the Court follows these opinions closely. *See, e.g. 5:25-cv-01390-XR, Acea-Martinez v. Noem et al.*

Respondents assert Quintero Morales's detention is proper under 8 U.S.C. Section 1225(b)(2)(b), which allows his indefinite detention without a bond hearing. Given the plain language of § 1225(a)(1), Respondents contend Quintero Morales cannot plausibly argue he is not an applicant for admission, nor can he plausibly challenge a DHS's officer's determination that he is "seeking admission" simply because he is not currently at the border requesting to come into the United States. Respondents also present challenges to this Court's jurisdiction.

The Court will address the jurisdictional challenges first.

### A. Challenges to Jurisdiction

#### 1. *Section 1252(e)(3)*

Respondents first argue 8 U.S.C. Section 1252(e)(3) deprives the Court of jurisdiction. Thereunder, "[j]udicial review of determinations under [S]ection 1225(b) . . . and its implementation is available in an action instituted in the United States District Court for the District of Columbia." 8 U.S.C. § 1252(e)(3)(A).

Section 1252(e)(3) "concerns challenges to the validity of a 'system.'" *Id*. Quintero Morales does not raise any systemic challenges. See *Rojano Gonzalez v. Sterling*, No. 1:25-CV-6080, 2025 WL 3145764, at *3 (N.D. Ga. Nov. 3, 2025) (collecting cases); *Lala Barros v. Noem*, No. 25-CV-488, 2025 WL 3154059, at *2 (W.D. Tex. Nov. 10, 2025) (quoting *Rodrigues v. McAleenan*, 435 F. Supp. 3d 731, 738 (N.D. Tex. 2020)); *Munoz Materano v. Arteta*, No. 25 CIV. 6137 (ER), 2025 WL 2630826, at *10 (S.D.N.Y. Sept. 12, 2025). Rather, Quintero Morales argues Respondents lack statutory authority to detain him under Section 1225(b) because that statute does not apply to his detention under these circumstances.

The Court concludes Section 1252(e)(3) does not deprive the Court of jurisdiction under these facts and under this specific challenge. *See J.A.M. v. Streeval*, No. 4:25-CV-342, 2025 WL 3050094, at *1 (M.D. Ga. Nov. 1, 2025).

### 2. *Section 1252(g)*

Respondents next contend 8 U.S.C. Section 1252(g) deprives the Court of jurisdiction.

Section 1252(g) provides "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Section 1252(g) "applies only to three discrete actions that the Attorney general may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original) (quoting 8 U.S.C. § 1252(g)). Section 1252(g) "does not bar courts from reviewing an alien detention order, because such an order, while intimately related to efforts to deport, is not itself a decision to execute removal orders and thus does not implicate [S]ection 1252(g)." *Santiago v. Noem*, No. EP-25-CV-361, 2025 WL 2792588, at *3 (W.D. Tex. Oct. 2, 2025) (cleaned up) (quoting *Cardoso v. Reno*, 216 F.3d 512, 516–17 (5th Cir. 2000)).

Quintero Morales does not challenge a decision to commence removal proceedings, adjudicate a case against him, or execute a removal order. Instead, Quintero Morales specifically challenges the decision, or basis, to detain him. For this reason, Section 1252(g) does not deprive the Court of jurisdiction under these facts and under this specific challenge. *See Guevara v. Swearingen*, No. 25 C 12549, 2025 WL 3158151, at *2 (N.D. Ill. Nov. 12, 2025).

### 3. *Section 1252(b)(9)*

Finally, Respondents argue 8 U.S.C. Section 1252(b)(9) precludes this Court from exercising jurisdiction over this habeas petition.

Section 1252(b)(9) provides:

Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus . . . , or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

Section 1252(b)(9) "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (cleaned up). Section 1252(b)(9) does not "'sweep within its scope claims with only a remote or attenuated connection to the removal of an alien'. . . [or] preclude review of claims that 'cannot be raised efficaciously within the administrative proceedings' already available." *Duron v. Johnson*, 898 F.3d 644, 647 (5th Cir. 2018) (quoting *Aguilar v. I.C.E.*, 510 F.3d 1, 9 (1st Cir. 2007)). Finally, Section 1252(b)(9) applies only "[w]ith respect to review of an order of removal." 8 U.S.C. § 1252(b); *Ozturk v. Hyde*, 136 F.4th 382, 399 (2d Cir. 2025); *Canal A Media Holding, LLC v. U.S. Citizenship & Immigr. Servs.*, 964 F.3d 1250, 1257 (11th Cir. 2020); *Hernandez v. Baltazar*, No. 1:25-CV-03094, 2025 WL 2996643, at *2 (D. Colo. Oct. 24, 2025). "[T]he legislative history [of Section 1252(b)(9)] indicates that Congress intended to create an exception for claims 'independent' of removal." *Aguilar*, 510 F.3d at 11.

6

Quintero Morales specifically challenges Respondents' legal authority to subject him to mandatory detention under Section 1225, instead of detention with a bond hearing under Section 1226(a). This specific challenge does not constitute "a review [of] an order of removal, the decision to seek removal, or the process by which removability will be determined." *Beltran v. Noem*, No. 25-CV-2650, 2025 WL 3078837, at *3 (S.D. Cal. Nov. 4, 2025). For this reason, this argument fails.

In addition, Quintero Morales does not have the opportunity to present his claims "'within the administrative proceedings' already available." *Duron*, 898 F.3d 647 (quoting *Aguilar*, 510 F.3d at 10). Under these procedural facts, the core of this dispute is whether Quintero Morales can be detained with no bond hearing, that is, with no administrative opportunity to contest his detention pending a removal determination. If Section 1252(b)(9) precluded this habeas petition, Quintero Morales's detention would be effectively unreviewable, especially considering the BIA's novel position that immigration judges lack authority to entertain bond requests. *See Jennings v. Rodriguez*, 583 U.S. 281, 293 (2018) (plurality); *Matter of Yajure Hurtado*, 29 I. & N. Dec. at 220. "By the time a final order of removal was eventually entered, the allegedly [illegal] detention would have already taken place. And of course, it is possible that no such order would ever be entered in a particular case, depriving that detainee of any meaningful chance for judicial review." *Jennings*, 583 U.S. at 293.

For the reasons stated, the Court concludes Respondents' jurisdictional challenges fail, and the Court has jurisdiction to consider the arguments presented in Quintero Morales's habeas petition.

### B. Review of Substantive Merits

The question for the Court's determination presented in this habeas petition is whether Section 1225(b)(2) applies to all noncitizens who, like Quintero Morales, are already in the country but entered without inspection. If so, Section 1225(b)(2) makes Quintero Morales's detention mandatory. If not, Section 1226(a) applies, mandating Quintero Morales's detention is discretionary, and he is entitled to a bond hearing before he can remain detained. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-CV-3682, 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025).

#### 1. Section 1225(b)(2)

Following the decision in *Hurtado*, this specific issue is heavily litigated in courts all over the country, which generally reject Respondents' broad interpretation of Section 1225(b)(2). *See, e.g.*, *Mboup v. Field Off. Dir. of N.J. Immigr. & Customs Enf't*, No. 2:25-CV-16882, 2025 WL 3062791, at *1 & n.3 (D.N.J. Nov. 3, 2025) (collecting cases); *Lepe v. Andrews*, No. 1:25-CV-01163, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (same). These opinions rejecting Respondents' interpretation rely on several rationales, from statutory language and context to legislative history and longstanding agency practice. *See Rodriguez v. Bostock*, No. 3:25-CV-05240, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025)(collecting cases). The Court finds those opinions generally persuasive and, following the reasoning in this majority determination of this specific issue, this Court also concludes the same and rejects Respondents' broad interpretation of Section 1225(b)(2) under the facts in this case. Specifically, this Court finds the plain language of Section 1225(b)(2) and the Supreme Court's interpretation of the relevant statutes reveal the flaw in Respondents' interpretation.

Section 1225(b)(2) states, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for" removal proceedings. 8 U.S.C. § 1225(b)(2)(A). Thus, Section 1225(b)(2) requires detention if three conditions are met: (1) the person is an "applicant for admission"; (2) the person is "seeking admission"; and (3) an "examining immigration officer determines" the person "is not clearly and beyond a doubt entitled to be admitted." *Id.*; *see, e.g.*, *Lopez Benitez v. Francis*, No. 25 CIV. 5937, 2025 WL 2371588, at *6 (S.D.N.Y. Aug. 13, 2025). The term "applicant for admission" includes a noncitizen "present in the United States who has not been admitted." 8 U.S.C. § 1225(a)(1). "The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A). Because Quintero Morales is present in the United States and has not "lawful[ly] ent[ered] . . . after inspection and authorization by an immigration officer," he is not an "applicant for admission" under Respondents' extension of the definition *Id.* §§ 1101(a)(13)(A); 1225(a)(1). "Under th[e] statutory definition, 'admission' is the lawful *entry* of an alien after inspection, something quite different, obviously, from post-entry adjustment of status." *Martinez v. Mukasey*, 519 F.3d 532, 544 (5th Cir. 2008), *as amended* (June 5, 2008)

Under these facts particular to Quintero Morales's detention, he was not seeking "admission," which refers to "lawful entry . . . into the United States after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A). When ICE detained Quintero Morales in 2025, he was not seeking entry, much less "lawful entry . . . after inspection and authorization." *See Martinez v. Mukasey*, 519 F.3d at 544. Respondents' interpretation "would render the phrase 'seeking admission' in [Section] 1225(b)(2)(A) mere surplusage."

9

*Lopez Benitez*, 2025 WL 2371588, at *6. Because Quintero Morales is not "seeking admission," ICE may not detain him under Section 1225(b)(2).

The United States Supreme Court recently discussed the relationship between Sections 1225 and 1226: "In sum, U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under [Sections] 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under [Section 1226]." *Jennings*, 583 U.S. at 289. Courts in the Fifth Circuit "are generally bound by Supreme Court dicta, especially when it is recent and detailed." *McRorey v. Garland*, 99 F.4th 831, 837 (5th Cir. 2024) (quoting *Hollis v. Lynch*, 827 F.3d 436, 448 (5th Cir. 2016)). Thus, this Court finds *Jennings* instructive.

Based upon this interpretation of "seeking admission," the Court concludes Section 1225(b)(2) applies to noncitizens "seeking admission," and Section 1226 applies to noncitizens such as Quintero Morales who are "already in the country." Consequently, Respondents may not detain Quintero Morales pursuant to Section 1225(b)(1) or (2). Based upon this showing, Quintero Morales satisfied his burden of proving he is being held contrary to law by a preponderance of the evidence. *See Villanueva v. Tate*, 2025 WL 2774610, at *4; *Bruce v. Estelle*, 536 F.2d at 1058.

Because Quintero Morales cannot be detained under Section 1225(b)(1) or Section 1225(b)(2), the only valid source of lawful detention is Section 1226. However, Respondents do not assert they are detaining Quintero Morales under Section 1226. Respondents specifically assert the only relief available to him is release from custody. *ECF No. 8 at pp.2,3*. Based upon Respondents' admission, this Court need not consider whether Section 1226 is a valid basis for Quintero Morales's current detention. *See Martinez v. Hyde*, 792 F.Supp.3d

211, 223 n.23 (D. Mass. 2025). In addition, the Court will not consider the constitutional challenges presented. It appears Quintero Morales also presents a complaint under the Administrative Procedure Act (APA); however, he did not pay the required filing fee for any non-habeas claims. "When a filing contains both habeas and non-habeas claims, 'the district court should separate the claims and decide the [non-habeas] claims' separately from the habeas ones given the differences between the two types of claims. *Ndudzi v. Castro*, No. SA–20–CV–0492–JKP, 2020 WL 3317107 at *2-3 (W.D. Tex. June 18, 2020) (citing 28 U.S.C. § 1914(a))(collecting cases). The Court need not determine the substance or procedural viability of any claim under the APA given this dispositive determination on the primary issue presented.

Consequently, this Court must conclude Quintero Morales's detention is unlawful, and habeas relief is proper.

## CONCLUSION

For the foregoing reasons, the Petition for Habeas Corpus (ECF No. 1) is **GRANTED**. It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Luis Alberto Quintero Morales from custody, under appropriate conditions of release, to a public place by **no later than 12:00 p.m. on November 22, 2025.**

2. Respondents must **NOTIFY Quintero Morales's** counsel of the exact location and exact time of his release as soon as practicable and **no less than two hours before his release;**

3. Any possible or anticipated removal or transfer of Quintero Morales under this present detention is **PROHIBITED**.

  4.  If Quintero Morales is re-detained pursuant to Section 1226, all applicable procedures must be followed, including that he be afforded a bond hearing;

  5.  The parties shall **FILE** a Joint Status report **no later than 6:00 p.m. November 22, 2025**, confirming that Quintero Morales has been released.

A final judgment will issue separately.

It is so ORDERED.
SIGNED this 21st day of November, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE